**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF INDIANA**
**HAMMOND DIVISION AT LAFAYETTE**

DAVID MICHAEL BURKS-BEY,          )
                                  )
          Plaintiff,              )
                                  )          CAUSE NO.  4:06-CV-134 AS
          v.                      )
                                  )
TIPPECANOE COUNTY JAIL, *et al.*, )
                                  )
          Defendants.             )

**OPINION AND *ORDER***

David Michael Burks-Bey, a *pro se* prisoner, submitted a complaint under

42 U.S.C. § 1983. Pursuant to 28 U.S.C. § 1915A, the court must review the

merits of a prisoner complaint and dismiss it if the action is frivolous or malicious,

fails to state a claim upon which relief may be granted, or seeks monetary relief

against a defendant who is immune from such relief. FED. R. CIV. P. 12(b)(6)

provides for the dismissal of a complaint, or any portion of a complaint, for failure

to state a claim upon which relief can be granted. Courts apply the same standard

under § 1915A as when addressing a motion under Rule 12(b)(6). *Weiss v. Cooley*,

230 F.3d 1027, 1029 (7th Cir. 2000).

> A claim may be dismissed only if it appears beyond doubt that the
> plaintiff can prove no set of facts in support of his claim which would
> entitle him to relief.  Allegations of a pro se complaint are held to less
> stringent standards than formal pleadings drafted by lawyers.
> Accordingly, pro se complaints are liberally construed.
>
>           In order to state a cause of action under 42 U.S.C. § 1983, the
> Supreme Court requires only two elements:  First, the plaintiff must
> allege that some person has deprived him of a federal right.  Second,
> he must allege that the person who has deprived him of the right

> acted under color of state law.  These elements may be put forth in a short and plain statement of the claim showing that the pleader is entitled to relief. FED. R. CIV. P. 8(a)(2). In reviewing the complaint on a motion to dismiss, no more is required from plaintiff's allegations of intent than what would satisfy Rule 8's notice pleading minimum and Rule 9(b)'s requirement that motive and intent be pleaded generally.

*Alvarado v. Litscher*, 267 F.3d 648, 651 (7th Cir. 2001) (citations, quotation marks and ellipsis omitted).

Mr. Burks-Bey states that he is a pre-trial detainee who is proceeding *pro se* on state criminal charges. He alleges that he has been denied access to the law library. "[A]n inmate cannot establish relevant actual injury simply by establishing that his prison's law library or legal assistance program is subpar in some theoretical sense." *Lewis v. Casey*, 518 U.S. 343, 351 (1996). "[A] plaintiff must demonstrate that state action hindered his or her efforts to pursue a nonfrivolous legal claim and that consequently the plaintiff suffered some actual concrete injury." *May v. Sheahan*, 226 F.3d 876, 883 (7th Cir. 2000). Since Mr. Burks-Bey has not yet been convicted, he cannot demonstrate any actual injury.

Furthermore, the abstention doctrine set forth in *Younger v. Harris*, 401 U.S. 37, 53 (1971), requires a federal district court to refrain from interfering with pending state criminal proceedings in deference to principles of equity, comity, and federalism. *See also State of Indiana v. Haws*, 131 F.3d 1205 (7th Cir. 1997). Though the request here is for injunctive relief against the jail and not against the state court itself, questions about what access he needs and whether he is prepared for trial are intimately interrelated to his state prosecution. This court

will not intervene in Mr. Burks-Bey's pending criminal proceeding. Any request for judicial intervention related to law library access needed for his *pro se* state criminal defense must be directed to the state criminal court.

For the foregoing reasons, this case is dismissed pursuant to 28 U.S.C. § 1915A.

**IT IS SO ORDERED.**

**ENTERED: November 8, 2006**

**S/ ALLEN SHARP**
**ALLEN SHARP, JUDGE**
**UNITED STATES DISTRICT COURT**